Edward Charlie BAKER, Appellant,

v.

MARVINS CREDIT, INC., a corporation,
Appellee.

No. 2418.

Municipal Court of Appeals for the
District of Columbia.

Argued July 27, 1959.

Decided Oct. 14, 1959.

Paul J. McGarvey, Washington, D. C.,
for appellant.

Abraham Chaifetz, Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Baker was sued by appellee
Marvins Credit, Inc., for the balance due
on a television set he had purchased on
credit. His defense was that the television
was not as warranted and that he had re-
scinded by returning the set to Marvins.
Accordingly he denied owing anything and
counterclaimed for the payments he had
made. The trial court granted judgment
for Marvins and denied Baker's counter-
claim, ruling that "the attempted rescission
was not within a reasonable time." Baker
has appealed.

Baker purchased the Admiral television
set on October 30, 1958. The purchase
price was $441.72, and this price included
ninety-day service, an antenna and finance
charges. About two weeks after it was
delivered, the set went blank and he called
Marvins for service under his contract. A
service man was sent out and he replaced
a small tube. Three or four weeks later the
set again went blank and again a service
man replaced a small tube. After about
two weeks the same trouble developed and
Baker himself took care of it by purchas-
ing a small tube at a drug store and in-
stalling it. He then called Marvins and
complained that the set was not giving good
service and offered to return it, but his offer
was refused. About three weeks later the
same trouble developed and when he called
Marvins for service he was told that his
ninety-day service contract had expired.
The next morning he and his brother took
the set to Marvins and left it there. Dur-
ing the time the set was in his possession
Baker had paid a total of $60 on account
of the purchase price.

The only evidence of any warranty accompanying the sale is Baker's testimony that the salesman told him, "This is a good television set."[1] Assuming this to be a warranty, as described in the counterclaim, that the set was "fit for the uses intended," we hold there was no proof of a breach of that warranty which would justify a rescission of the contract. The sum of the evidence is that the set required minor service four times over a period of ninety days and that at all other times it operated in a normal manner. We think we can take judicial notice of the fact that it is not unusual for television sets to require repairs and adjustments, and that this applies to new sets as well as old ones. If this were not so, there would be no occasion to purchase a service contract with a new set. We conclude there was no breach of warranty and therefore there is no occasion for considering the question of delay in attempting to rescind.[2]

Affirmed.

1. In its brief appellee says the set carried a written manufacturer's warranty to replace defective parts within a specified time.

2. It may be noted that appellee's brief contains the following statement, which at argument was admitted by appellant to be correct: "On April 11, 1959, (Two Days After The Trial), Marvins returned the set to Baker, who accepted same, gave Baker 30 days Free Service From April 11, 1959, a New Antenna, and arranged for Baker to pay off the balance due. Baker accepted the set, the additional free service, the new antenna, and made arrangements for payment satisfactory to him. Baker is now in Possession of The Set Which is Apparently in Good Working Order."